**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| In re | Case No. 25-19766-LSS |
| 7333 New Hampshire T Units LLC | Chapter 11 |
| Debtor. | |
| | |
| 7333 New Hampshire T Units LLC | Adv. Case No. 26-00026-LSS |
| Plaintiff, | |
| v. | |
| WEST 11, LLC | |
| Defendant. | |

**<u>MOTION FOR ENTRY OF DEFAULT JUDGMENT</u>**

**NOTICE**

**<u>Your rights may be affected</u>. You should read these papers carefully and may wish to discuss them with an attorney.**

A motion for default judgment is a request for judgment on one or more of the claims contained in the complaint filed in this case. A motion for default judgment is governed by Rule 55 of the Federal Rules of Civil Procedure. Because you have failed to file an answer or other pleading in this case, the Court may enter judgment against you without trial.

If you want to oppose the motion for default judgment, you must file with the Court and serve on the other party a written response opposing the motion and stating the reasons for your opposition. Your opposition must be filed and served within fourteen (14) days after the service date of the motion, plus three (3) additional days if the motion was served on you by mail, unless otherwise ordered by the Court. If you file a written response, the Court may hold a hearing at a location and time set forth in a notice from the Clerk of Court.

**If you fail to file a timely written response to the motion, the Court may grant the motion, in whole or in part, with or without holding a hearing**. This will result in the termination of the proceeding, or some part of the proceeding, in favor of the moving party, and the entry of a judgment against you.

1

Comes now 7333 New Hampshire T Units LLC (the "Debtor" or "Plaintiff"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7055 and Federal Rule of Civil Procedure 55(b), and moves for entry of a default judgment against West 11, LLC ("West 11" or the "Defendant"), and in support thereof states as follows:

## I.      Introduction

This is an action to avoid the pre-petition loss of two condominium units (the "Condo Units") through the tax sale foreclosure process, with this suit being brought pursuant to the allowances of sections 547 and 548 of title 11 of the United States Code (the "Bankruptcy Code"). The Defendant has neither formally appeared in this adversary proceeding (though they did appear in the underlying main case) nor pleaded herein. *See* Docket, *passim*. A clerical default has accordingly been entered. *See* Clerk's Default, DE #7.  For purposes of this motion, the Debtor now asks that judgment be entered under section 547 of the Bankruptcy Code, with the loss of the Condo Units being an avoidable preference, and that upon entry of such judgment—and only upon entry of such judgment—the second count of the underlying complaint (the "Complaint"), DE #1, be dismissed as moot.

## II.     Standard

The Federal Rules of Civil Procedure provide, *inter alia*, "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). As explained by the United States Court of Appeals for the Fourth Circuit: "The defendant, by his default, admits the plaintiff's well pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th

Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

There is thusly a paradigm whereby a plaintiff must first secure a clerical default under Rule 55(a) and then, relying on the admissions effectuated thereby, may seek entry of a default judgment. *See, e.g.*, *Int'l Painters & Allied Trades Indus. Pension Fund v. Lettermen Signage, Inc.*, No. JKB-23-1059, 2025 U.S. Dist. LEXIS 163044, at *5 (D. Md. Aug. 20, 2025) ("After entry of default under Rule 55(a), a party may move for default judgment.") (citing Fed. R. Civ. P. 55(b)(2)).

Accordingly, ". . . in reviewing motions for default judgment, courts 'accept as true the factual allegations in [complaint[s]] as to liability.'" *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 550 (D. Md. 2010) (cleaned up) (quoting *Agora Fin, LLC v. Samler*, 725 F. Supp. 2d 491 (D. Md. 2010) (citing *Ryan*, 253 F.3d at 780-81)).

### III.     Argument: Judgment Should Be Entered

Relying on the well-pleaded allegations of the Complaint in this case, and the admission by the Defendant thereof through operation of the clerical default, judgment should be entered in favor of the Debtor on the first count of the Complaint, which seeks to avoid a preferential transfer. The facts of this case align neatly—and rather precisely—with those of recent topical case law, making clear an asset loss occasioned by a tax sale foreclosure order is avoidable under section 547 of the Bankruptcy Code. It is appropriate to follow that precedent *sub judice*.

In *Brusznicki v. Tucker (In re Tucker)*, Judge Chasanow considered an appeal from this Honorable Court (Ruark, J.) where a chapter 13 debtor lost his property to a tax sale certificate holder on account of $748.65 in unpaid property taxes. *Brusznicki v. Tucker (In re Tucker)*, 653 B.R. 598, 602 (D. Md. 2023). Pre-petition the Circuit Court for Prince George's County issued a

3

foreclosure order in favor of the tax sale certificate holder, *id.* at 602-03, and less than 90 days later the debtor petitioned for bankruptcy relief, *id.* at 603. Once in chapter 13, the *Tucker* debtor sought to avoid the state court foreclosure order as a preference (as well as a fraudulent conveyance), *id.* at 603, with summary judgment being entered in favor of the debtor, *id.*

The *Tucker* Court, on appeal, proceeded to find a "transfer" had occurred at the time of the state court's entry of an order of foreclosure, *id.* at 605, even if a separate "transfer of some kind also occurred at the tax sale" (which occurred well earlier), *id.* The Court further distinguished tax foreclosure sales from mortgage foreclosure sales, *id.* at 607, explaining in some detail why the Supreme Court's holding in *BFP v. Resol. Tr. Corp.*, 511 U.S. 531 (1994)—making mortgage foreclosure sales *de facto* unavoidable in bankruptcy cases—does not apply in the differentiated context of a tax sale foreclosure. *Tucker*, 598 B.R. at 607-08.

Ultimately, the District Court in *Tucker* affirmed Judge Ruark's holding on the avoidability of the tax sale foreclosure as a preference under section 547 of the Bankruptcy Code, while declining to address the merits—one way or another—of the avoidability as a fraudulent conveyance under section 548 of the Bankruptcy Code, *id.* at 611-12. And there is accordingly clarity, both from this Honorable Court and from the District Court, that a tax sale foreclosure does qualify as a "transfer" for purposes of preferential transfer analysis.

The existence of a "transfer," though, remains merely one element of such a claim.  A plaintiff, to prevail in avoiding a preference, must also show that the transfer was (i) "to or for the benefit of a creditor," 11 U.S.C. § 547(b)(1); (ii) "for or on account of an antecedent debt. . .," 11 U.S.C. § 547(b)(2); (iii) "made while the debtor was insolvent," 11 U.S.C. § 547(b)(3); (iv) made "on or within 90 days before the date of the filing of the petition. . .," 11 U.S.C. § 547(b)(4); and

4

(v) that enables the creditor to receive more than otherwise would have been realized in a chapter 7 liquidation, 11 U.S.C. § 547(b)(5).

Here, accepting the well-pleaded allegations of the Complaint as true, *see Balt. Line Handling Co.*, 771 F. Supp. 2d at 550, the Debtor has established that the Condo Units were lost to a state court tax foreclosure order on August 8, 2025. *See* Complaint, DE #1, at ¶ 20. The Debtor, in turn, sought bankruptcy relief less than 90 days later, on October 19, 2025. *Id.* at ¶ 23. Thusly, under *Tucker*, there is a transfer, and the fourth prong of the preference test is satisfied by virtue of that transfer occurring within 90 days of the petition date. Moreover, the Debtor is presumed to have been insolvent on that date, 11 U.S.C. § 547(f), thereby also satisfying the third prong of the statutory test.

In addressing the first criterion, the Complaint similarly establishes that West 11 was a creditor at the time the tax sale foreclosure occurred. *See* Complaint, DE #1, at ¶ 26 (noting the Debtor to have owed West 11 the sum of $7,143.90). In connection with the second element, it is also clear that obligation constituted an antecedent debt, stemming from a prior failure to pay real estate taxes. *Id.* at ¶¶ 16-18, 27.

This leaves only the question of whether West 11 received more than it would have taken in a hypothetical chapter 7 liquidation. 11 U.S.C. § 547(b)(5). On this front, the Complaint notes the Condo Units to have a collective value of approximately $400,000.00, while West 11 would have received only $7,143.80 in a chapter 7 liquidation. *See* Complaint, DE #1, at ¶ 30.

Courtesy of *Tucker*, the outcome of this case is relatively clear: a tax sale foreclosure resulting in a windfall may be avoided where, as here, an obligor timely seeks bankruptcy relief. The state court order in question clearly effectuated a preference under section 547 of the Bankruptcy Code and the loss of the Condo Units is thusly avoidable *sub judice*.

**IV.      Conclusion**

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) enter judgment against West 11, and in favor of the Debtor, avoiding the loss of the Condo Units pursuant to the allowances of section 547 of the Bankruptcy Code; (ii) upon entry of such order—and only upon entry of such order—dismiss, as moot, Count II of the Complaint; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: April 10, 2026          By:      /s/ Maurice B. VerStandig
                                        Maurice B. VerStandig, Esq.
                                        Bar No. MD18071
                                        The VerStandig Law Firm, LLC
                                        9812 Falls Road, #114-160
                                        Potomac, Maryland 20854
                                        Phone: (301) 444-4600
                                        mac@mbvesq.com
                                        *Counsel for the Debtor*

*[Certificate of Service on Following Page]*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2026, a copy of the foregoing was served electronically upon filing via the ECF system and also sent, via US Mail, postage prepaid, to:

WEST 11, LLC
C/O ESKIN LAW, LLC
1700 REISTERSTOWN RD STE 212
PIKESVILLE MD 21208

WEST 11, LLC
C/O RICHARD L. COSTELLA, TYDINGS & ROSENBERG
1 EAST PRATT STREET, SUITE 901
BALTIMORE MD 21202

WEST 11, LLC
C/O TYDINGS & ROSENBERG LLP
1 EAST PRATT STREET, SUITE 901
BALTIMORE MD 21202


WEST 11 LLC
C/O MARYLAND RESIDENT AGENT INC.
5000 THAYER CENTER, SUITE C
OAKLAND MD 21550

and

WEST 11 LLC
173 SAINT PATRICKS DRIVE
SUITE 104
WALDORF MD 20603

/s/ Maurice B. VerStandig
Maurice B. VerStandig

7